UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WILLIAM SCOTT KINCAID**
**ERAINA POOLE,**                              JUDGE:
**AND GEORGE POOLE,**
in their individual capacities,
and as class representatives of all other       CASE NUMBER: 14-cv-
similarly situated plaintiff class members.     **CLASS ACTION**
                                                **JURY DEMAND**

                    PLAINTIFFS.
V.

**DOUGLAS BINGAMAN,** INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS TREASURER OF
CITY OF FLINT, **DARNELL EARLEY,** INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS EMERGENCY
MANAGER OF THE CITY OF FLINT, AND, **THE CITY OF**
**FLINT, MICHIGAN**, a municipal corporation.

                    DEFENDANTS.
_____/
VALDEMAR L. WASHINGTON, PLLC
Valdemar L. Washington P27165
Attorney for Plaintiffs
718 Beach Street
P.O. Box 187
Flint, MI 48501-0187
810.407.6868
vlwlegal@aol.com
_____/

**PLAINTIFFS' VERIFIED CLASS ACTION COMPLAINT, REQUEST FOR
INJUNCTIVE RELIEF, DAMAGES, AND DEMAND FOR TRIAL BY JURY**

        NOW COME Plaintiffs, William Scott Kincaid, Eraina Poole, and George Poole,

on behalf of themselves and all persons similarly situated by their attorney, Valdemar L.

Washington, PLLC, and complain against Defendants as follows:

## JURISDICTION AND VENUE

1.      This is an action for equitable relief and damages alleging Defendants took

Plaintiffs' property, without due process of law, when violating the City of Flint's

obligation to Plaintiffs as retail water customers of the City of Flint who were

charged more than the actual cost of water purchased wholesale, by the City of

Flint, from the City of Detroit, in violation of MCL § 123.141(3) which

violated Plaintiffs' constitutional rights by depriving them of their property

without just compensation and contrary to due process of law. These claims are

asserted under 42 U.S.C. § 1983 and this court has jurisdiction to hear these

claims under 28 U.S.C. § 1331. Plaintiffs additionally allege that Defendants have

violated Plaintiffs' right to be charged a water readiness to serve charge that is set

forth in a resolution of the Flint City Council or Emergency Manager, which

calculates the readiness to serve charges for retail residential, small business, and

industrial water customers with and without remote water meters, that must be

kept in Appendix A of the Flint City Code on file with the City Clerk, as to how

said readiness to serve charges are calculated. Plaintiffs' additionally allege that

Defendant City of Flint through its then Finance Director, at the direction of its

Mayor, Dwayne Walling, violated Plaintiffs' right to have their water and sewer

rates adjusted in accordance with Flint City Ordinance 42 – 52.1 and 46-57.1,

every twelve months, and in an amount not to exceed 8% per annum, when

Defendant, City of Flint, illegally increased water rates by 35% and sewer rates

by 35 % on September 16, 2011. Plaintiffs' additionally allege that

Defendant City of Flint through its then Emergency Manager, Michael Brown,

violated Plaintiffs' right to have their water rates adjusted in accordance with Flint City Ordinances 42 – 52.1(b) which provided for adjustment of no more than 8% annually, when Defendant, City of Flint, illegally increased water rates by 12% on July 1, 2012, thereby imposing a 47% water rate increase on its retail customers between September 16, 2011 and July 1, 2012. This Court has supplemental jurisdiction to consider the claims brought pursuant to Michigan Law and the Michigan Constitution.

2.   This action is brought as a class action by the Class Representatives on behalf of themselves and a similarly situated class of City of Flint retail water and sewer customers pursuant to Rule 23(a) and Rule 23(b)(1) and (2) of the Federal Rules of Civil Procedure.

3.   In Count I, brought under 42 U.S.C. § 1983 as well as the Michigan State Constitution, Plaintiffs seek damages as well as declaratory and injunctive relief for deprivation of their property by Defendant, City of Flint, charging them as its retail water customers more than the actual cost of the water that it bought wholesale from the City of Detroit Water Department in violation of MCL § 123.141(3) between September 16, 2011 and the ending date of its wholesale water purchase Detroit Contract. **EXHIBIT A – MCL § 123.141**

4.   In Count II, brought under 42 U.S.C. § 1983 as well as the Michigan State Constitution, Plaintiffs seek refunds of illegally collected water and sewer rate increases, damages as well as declaratory and injunctive relief for deprivation of their property by Defendant, City of Flint illegally raising its water and sewer

rates by 35% on September 16, 2011 in violation of Flint City Ordinances 46-52.1

and 46-57.1. **EXHIBIT B – Flint Charter § 46-52.1; 46-57.1**

5.      In Count III, brought under 42 U.S.C. § 1983 as well as the Michigan State

Constitution, Plaintiffs seek refunds of the illegally collected water readiness to

serve charge, damages, as well as declaratory and injunctive relief for deprivation

of their property by Defendants illegally collecting a water readiness to serve

charge that was not calculated by a resolution of the Flint City Council in

Appendix A of the Flint City Code on file with the Flint City Clerk as required by

Flint City Ordinance 46 – 52, from September 16, 2011 to the date hereof.

**EXHIBIT C - Flint Charter § 46-52.1**

6.      In Count IV, brought under 42 U.S.C. § 1983 as well as the Michigan State

Constitution, Plaintiffs seek refunds of illegally collected water rate

increases, damages as well as declaratory and injunctive relief for deprivation of

their property by Defendant, City of Flint, illegally raising its waterrates by 12%

on July 1, 2012 in violation of Flint City Ordinances 46-52.1(b) **EXHIBIT B –**

**Flint Charter § 46-52.1(b)**

7.      Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C.

§ 1391 (b).

## PROCEDURAL CASE HISTORY

8.      Companion Case Number 1 was filed by Plaintiffs in The Michigan Court of

Appeals under docket number 310221 alleging a violation of the Headlee

Amendment of the Michigan Constitution and seeking refunds for the illegally

imposed tax. **EXHIBIT D – Verified Complaint Michigan Court of Appeals**

4

9.      The Michigan Court of Appeals DISMISSED Companion Case Number 1 in an

Order dated June 29, 2012 holding that the rate increases were revisions of

existing user fess that did not implicate the Headlee Amendment, and that the

court lacked jurisdiction over the rest of Plaintiffs' claims. **EXHIBIT E – Court**

**of Appeals June 29, 2012 Order**

10.     Companion Case Number 2 was filed by Plaintiffs in the Genesee County Circuit

Court on July 3, 2012 under docket number 12-098490-CZ. **EXHIBIT F –**

**Complaint Request for Monetary and Declaratory Relief Genesee County**

**Circuit Court**

11.     Plaintiffs sought leave to file their First Amended Complaint in case number 12-

098490-CZ on December 28, 2012. **EXHIBIT G – Plaintiffs' Proposed First**

**Amended Complaint**

12.     Companion Case Number 2 was DISMISSED by an order of the trial court in an

Opinion and Order Granting Summary Disposition in Favor of Defendant on June

21, 2013, and DENYING Plaintiffs leave to Amend their Complaint. **EXHIBIT**

**H – Opinion and Order June 21, 2013**

13.     Plaintiffs filed their Claim of Appeal in the Michigan Court of Appeals of the trial

court's June 21, 2013 Opinion and Order on November 1, 2013 and that case, the

appeal of dismissal of Companion Case Number 2, is now pending under

Michigan Court of Appeals Docket Number 318906. **EXHIBIT I – Claim of**

**Appeal Michigan Court of Appeals and docket assignment postcard**

## PARTIES

14. Plaintiffs William Scott Kincaid, Eraina Poole, and George Poole, (hereinafter referred to as "Plaintiffs") were at all material times residents of the City of Flint, Michigan located in Genesee County, Michigan, taxpayers of the City of Flint, taxpayers of the State of Michigan, and retail water customers of the City of Flint's water and sewer services department.

15. Members of the Plaintiff Putative Class, upon information and belief, were at all material times residents of the City of Flint, Michigan located in Genesee County, Michigan, taxpayers of the City of Flint, taxpayers of the State of Michigan, and retail customers of the City of Flint's water and sewer services department.

16. Defendant, Douglas Bingaman, (hereinafter referred to as "BINGAMAN") at all material times was the Treasurer of the City of Flint and is in charge of the City of Flint's revenue collection for its water and sewer department.

17. Defendant Darnell Earley, (hereinafter referred to as "EARLEY") is the current Emergency Manager for the City of Flint having been appointed by Governor Rick Snyder on October 8, 2013 under Act 436 of 2012.

18. Defendant, City of Flint, Michigan, (hereinafter referred to as "FLINT") is organized under the laws of the State of Michigan as a Municipal Corporation, whose powers are governed by its ordinances, and is located in Genesee County Michigan. **EXHIBIT J - Flint Charter §§ 1 – 101 – 1 – 401**

## STATEMENT OF FACTS

19.  FLINT operates a water and sewer department that provides water and sewer services to its retail customers, many, if not all of whom, are residents of FLINT.

20.  Retail water and sewer services provided by FLINT are provided to its retail customers in exchange for payment of money to FLINT by those customers.

21.  FLINT'S water and sewer service rates are mandatory for its retail water and sewer customers. **EXHIBIT K - Flint Charter §§ 46 – 59; 46-64**

22.  There are several thousand customers who receive retail water and sewer services from FLINT in exchange for the payment of monthly water and sewer bills.

23.  By Memorandum dated August 15, 2011 FLINT'S then Finance Director, Michael A. Townsend, at the direction of FLINT'S Mayor, increased water and sewer rates by 35% effective for the September 16, 2011 billings for all retail customers of FLINT'S water and sewer department. **EXHIBIT L – Affidavit of Michael A. Townsend and August 15, 2011 Memorandum.**

24.  FLINT'S Ordinance 46-52.1 required that every year the Director of Finance shall calculate and transmit on or before April 15, to the Mayor and City Council the new water rate schedules with a complete itemization of water system costs for all classes of customers as given in § 46-52, for the purpose of calculating all bills for the forthcoming 12 months beginning July 1 of that year. The new water rate schedules shall be published at least 30 days prior to the date of implementation, and the annual water rate may not be adjusted more than 8%, unless very narrowly defined water and sewer rate expenditures require it.

25.  FLINT'S Ordinances 46-52.1 and 46-57.1 do not today, and did not then, authorize the implementation of a 35% increase in retail water and sewer rates effective September 16, 2011.

26.  According to FLINT'S Ordinance 46-52 (b)(1), FLINT'S water readiness to serve charge for its retail residential, small commercial and industrial accounts customers with and without remote water meters must be established from time to time by resolution of the City Council and that resolution kept on file by the City Clerk contained in Appendix A of the City Code.

27.  FLINT'S calculation of the amount of its water readiness to serve charge and its collection of the water readiness to serve charge from its retail water customers between September 16, 2011 the date hereof was not approved by a Resolution of the Flint City Council or its Emergency Manager contained in Appendix A of the City Code kept on file by the City Clerk.

28.  FLINT'S ordinances do not now and did not on September 16, 2011 authorize the calculation of nor collection of a water readiness to serve charges from its retail residential, small business, and industrial water customers with and without remote water meters unless the resolution showing how it was calculated was filed in conformity with FLINT'S Ordinance 46-52(b)(1).

29.  FLINT collected, through BINGAMAN, without authority, from its retail residential, small business, and industrial customers with and without remote water meters a water readiness to serve charge from September 16, 2011 to date.

8

30.     FLINT collected, through BINGAMAN without authority, from its retail water and sewer customers, the 35% increase in retail water and sewer rates between September 16, 2011 and July 1, 2012.

31.     FLINT'S Emergency Manager, Michael Brown, was appointed by Governor Rick Snyder, on December 1, 2011 pursuant to Public 4 of 2011.

32.     FLINT'S Emergency Manager, Michael Brown continued to collect FLINT'S illegal 35% increased retail water and sewer charges, through BINGAMAN, between December 1, 2011, and July 1, 2012.

33.     FLINT'S Emergency Manager, Michael Brown implemented a 12% increase in water rates effective July 1, 2012, in violation of FLINT'S Ordinance 46-52.1(b), and collected the illegal 47% increase in water rates, through BINGAMAN, between July 1, 2012 and October 8, 2013.

34.     FLINT'S Emergency Manager, Michael Brown continued to collect FLINT'S illegal retail water readiness to serve charges from FLINT'S retail residential, small business, and industrial customers with and without remote water meters, through BINGAMAN, between December 1, 2011, and October 8, 2013.

35.     EARLEY has continued to collect FLINT'S illegal retail water readiness to serve charges from FLINT'S retail residential, small business, and industrial customers with and without remote water meters, through BINGAMAN, between October 8, 2013 and the date hereof.

9

36.    EARLY has continued to collect, through BINGAMAN, FLINT'S illegal 35% increase in water and sewer rates from October 8, 2013 to the date hereof.

37.    EARLY has continued to collect, through BINGAMAN, FLINT'S illegal 12% increase in water rates from October 8, 2013 to the date hereof.

38.    Retail water and sewer customers of FLINT'S water and sewer services who did not, or could not pay FLINT'S increased water and sewer rates and increased water readiness to serve charges between September 16, 2011 and the date hereof were subjected to having their water service disconnected by FLINT for non-payment of their bills, and liens filed against their homes or businesses.

**EXHIBIT M – Flint Charter § 46 - 50**

39.    Disconnection of water service, and or placement of a lien against their home or business, to retail water customers of FLINT'S water and sewer services department between September 16, 2011 and the date hereof constituted damages to the disconnected customers and those customers who had liens placed against their real property.

40.    Upon information and belief as of the date hereof FLINT has disconnected or placed liens upon the real property of over 15,000 of its retail water and sewer customers since September 16, 2011.

41.    From September 16, 2011 through April 30, 2014, FLINT was a wholesale water supply customer of the City of Detroit. **EXHIBIT N – Detroit Water Customer Rate Chart FY 2012 - 2013**

10

42.   For FY 2012 – 13 FLINT was charged the wholesale rate of $12.46 per thousand cubic feet for water, which it purchased from the City of Detroit.

43.   At all times relevant hereto FLINT was required by its Ordinance 46 – 52 to keep on file, in Appendix A of the Flint City Code, with the City Clerk, an authorizing resolution of the Flint City Council which established the readiness to serve charge for its retail residential, small business, and industrial water customers with and without remote water meters.

44.   On November 29, 2012, in its 2nd Amended Response to Plaintiffs' October 4, 2012 Requests to Produce, in Companion Case Number 2, FLINT admitted, "…there is no "resolution of the Flint City Council, contained in Appendix A of the City Code, referred to by Flint City Ordinance 46-52, that established the water readiness to serve charges that have been collected from its water customers by the City of Flint since September 16, 2011. **EXHIBIT O – Amended Response to Request for Production 11/29/2012**

45.   MCL 123.141(3) requires wholesale customers of the City of Detroit Water Supply System to only charge their retail customers the actual cost of providing the water service.

46.   Since September 16, 2011 FLINT has been illegally adding a Water Service Charge to its retail water customers' monthly bills that caused said retail water customers to pay a price for their water to FLINT that far exceeded the actual cost of the water, which Defendant purchased from the City of Detroit, in violation of MCL 123.141(3). **EXHIBIT P – Exemplar water bills**

11

## CLASS ACTION ALLEGATIONS

47.     The individual Plaintiffs bring this action on behalf of themselves, and on behalf
of those similarly situated, pursuant to Federal Rule of Civil Procedure 23(a) and
(b)(1)(A) and (B)(2) and (3).

48.     The individual Plaintiffs seek to represent a class of all City of Flint Water
and Sewer Department Customers who had their retail water and sewer rates
increased 35% between September 16, 2011 and July 1, 2012, and water
customers who had their water rates increased by 12% from July 1, 2012 to the
date hereof.

49.     The individual Plaintiffs seek to represent a class of all City of Flint Water
and Sewer Department Customers who were charged and paid, or were charged
and penalized for not paying, an illegal water readiness to serve charge for
residential, small business, and industrial customers with remote water meters
between September 16, 2011 and the date hereof.

50.     The exact number of members of the proposed class is not presently known, but
based upon information and belief the number is well in excess of 15,000 persons,
and is so numerous that joinder of all members of the proposed class action is
impracticable.

51.      There are questions of law and fact common to the class, including legal and
factual questions pertaining to the water and sewer rate increases of September
16, 2011, legal and factual questions pertaining to the water readiness to serve
charges being collected from September 16, 2011 to date, and legal and factual
questions pertaining to the actual cost of water purchased by FLINT as it relates

12

to the rates that FLINT charged its retail customers between September 16, 2011 and the date hereof.

52. The individual Plaintiffs' claims are typical of the claims of members of the proposed class in that all these claims arise under FLINT ordinances and State Law.

53. The individual Plaintiffs will fairly and adequately represent the interests of the proposed class because they have the same or similar claims and interests arising out of the same or similar operative facts and same or similar law and because they have secured representation of an attorney who is skilled, knowledgeable, and experienced in complex civil litigation, both as an advocate and as a retired State Court Circuit Judge.

54. Defendants' wrongful acts were undertaken on grounds that are generally applicable to the proposed class members, making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole.

55. The common questions of law and fact that are implicated predominate over any questions that affect only individual members of the proposed class, and class action is far superior to any other available methods for the fair and efficient adjudication of this controversy.

**COUNT I - 42 U.S.C. § 1983 and Article I § 17 of the Michigan Constitution –**
**UNCONSTITUTIONAL DEPRIVATION OF PROPERTY WITHOUT DUE**
**PROCESS – VIOLATION OF MCL § 123.141(3)**

56.     Plaintiffs restate and reallege each and every allegation set forth in all previous

paragraphs and incorporate them herein by reference.

57.     A law of the State of Michigan, MCL § 123.141(3), required FLINT, a wholesale

customer of the city of Detroit Water Supply Department, to provide water at a

price equal to the actual cost of providing water service to Plaintiffs as retail

customers of FLINT. This statutory entitlement to water at this price created a

property interest for FLINT'S retail customers under the laws of the State of

Michigan.

58.     FLINT'S practice, policy, and custom of charging and collecting from its retail

water customers increased water rates from September 16, 2011 to the end of its

wholesale Detroit water purchase contract, that were in excess of the actual cost of

the water that it purchased from the Detroit Water Supply Department, was in

violation of MCL § 123.141(3) and deprived its retail water customers of their

property interests in water charges that comport with state law, without just

compensation and without due process of law, in violation of the Fourteenth

Amendment of the United States Constitution and Article I § 17 of the Michigan

Constitution.

**COUNT II - 42 U.S.C. § 1983 and Article I § 17 of the Michigan Constitution –
UNCONSTITUTIONAL DEPRIVATION OF PROPERTY WITHOUT DUE
PROCESS – VIOLATION OF FLINT CHARTER § 46-52.1**

59.     Plaintiffs restate and reallege each and every allegation set forth in all previous

paragraphs and incorporate them herein by reference.

60.     At all times relevant hereto FLINT ordinance 46-52.1, required that water and

sewer rates be calculated and transmitted on or before April 15th to the Mayor and

City Council for the purpose of pricing and calculating all bills for the

forthcoming 12 months beginning July 1 of that year, thereby creating a property

interest for its retail water and sewer customers to have their water and sewer rates

calculated and collected in conformity with FLINT'S ordinance 46-52.1, created

an entitlement for those retail water and sewer customers to be charged a specific

price for water and sewer services beginning July 1 of each year.

61.     FLINT'S practice, policy, and custom of collecting increased water and sewer

rates from its retail customers between September 16, 2011 and July 1, 2012

deprived Plaintiffs of their property interests in water and sewer charges that

were implemented in conformity with FLINT ordinances, by collecting more

money, then it was legally entitled to collect, at a time not authorized by FLINT

ordinance for retail water and sewer rates, without due process of law or just

compensation, in violation of the Fourteenth Amendment of the United States

Constitution and Article I § 17 of the Michigan Constitution.

**COUNT III - 42 U.S.C. § 1983 and Article I § 17 of the Michigan Constitution –
UNCONSTITUTIONAL DEPRIVATION OF PROPERTY WITHOUT DUE
PROCESS – VIOLATION OF FLINT CHARTER § 46-52**

62.     Plaintiffs restate and reallege each and every allegation set forth in all previous

        paragraphs and incorporate them herein by reference.

63.     FLINT ordinance 46 – 52 required FLINT to keep on file in Appendix A of the

        Flint City Code, with the City Clerk, an authorizing resolution of the Flint City

        Council, which established how its water readiness to serve charge was calculated

        for its retail residential, small business, and industrial water customers with and

        without remote water meters.

64.     FLINT admitted on November 29, 2012 that there is no such resolution of the

        Flint City Council, contained in Appendix A of the City Code, on file with the

        City Clerk.

65.     FLINT'S practice, policy, and custom of collecting water readiness to serve

        charges from its retail residential, small business, and industrial water customers

        with and without remote water meters between September 16, 2011 and the date

        hereof, is in violation of its Ordinance 46 – 52 and deprived its retail residential,

        small business, and industrial water customers with and without remote water

        meters water customers of their property interests in validly computed/calculated

        water readiness to serve charges that comport with FLINT ordinances, without

        due process of law, or just compensation, in violation of the Fourteenth

        Amendment of the United States Constitution and Article I § 17 of the Michigan

        Constitution.

16

**COUNT IV - 42 U.S.C. § 1983 and Article I § 17 of the Michigan Constitution – UNCONSTITUTIONAL DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS – VIOLATION OF FLINT CHARTER § 46 - 52.1(b)**

66.   Plaintiffs restate and reallege each and every allegation set forth in all previous paragraphs and incorporate them herein by reference.

67.   At all times relevant hereto FLINT ordinance 46-52.1(b), required that water rates be limited to an 8% annual adjustment.

68.   FLINT'S practice, policy, and custom of collecting the 12% water rate increase from its retail customers between July 1, 2012 and the date hereof, deprived Plaintiffs of their property interests in water rate charges that comport with FLINT ordinances, by collecting from its retail water customers more money, then it was legally entitled to collect for annual retail water rate increases, without due process of law or just compensation, in violation of the Fourteenth Amendment of the United States Constitution and Article I § 17 of the Michigan Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court will:

A.   Certify this action as a class action, appoint the individual plaintiffs as class representatives, and authorize plaintiffs' counsel to serve as class counsel.

B.   Enter an Order that appoints a Receiver to manage the operations of FLINT'S water and sewer department.

C.   Enter a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction that enjoins FLINT from collecting its water readiness to serve charge from its retail residential, small business, and industrial customers with and without remote water meters until such time as a resolution of the City Council/Emergency Manager is passed that sets forth the calculations for the readiness to serve charge and is placed on file in Appendix A of the Flint City Code with the City Clerk in conformity with FLINT Ordinance 46-52.

D.    Enter a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction that enjoins FLINT from placing any further liens against the real property of its retail water and sewer customers until its retail water and sewer rates and readiness to serve charges comport to the legal requirements of State Law and its Ordinances, or until further order of this court.

E.    Enter a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction that enjoins FLINT from selling, negotiating, or otherwise disposing of, for remuneration or any other consideration, the existing liens that it has placed against the real property of its delinquent retail water and sewer customers from September 16, 20111 to date.

F.    Enter an Order that declares that FLINT'S water and sewer rate increases to its retail water and sewer customers charged and collected from its customers between September 16, 2011 and the date hereof were illegal increases and orders FLINT to account for all increased retail water and sewer payments collected by FLINT during that time period, and refund the illegally collected amounts to its retail water and sewer customers.

G.    Enter an Order that immediately reduces FLINT'S current water rate charges by 39%, immediately reduces FLINT'S current sewer charges by 35%.

H.    Enter an award of damages to compensate each of FLINT'S retail water and sewer customers who had their water service disconnected, and/or liens placed against their real property by FLINT between September 16, 2011 and the date hereof.

I.    Enter an Order that orders FLINT to refund to all of its retail water and sewer customers the full amount of its illegal 35% water and sewer rate increases that were charged and collected by FLINT between September 16, 2011 and July 1, 2012 plus interest, costs, and attorney fees so wrongfully incurred.

J.    Enter an Order that orders Defendant to refund to all of its retail residential, small business, and industrial water customers with and without remote water meters the full amount of their water service charges/readiness to serve charges collected from September 16, 2011 to date, plus interest, costs, and attorney fees so wrongly incurred.

K.    Enter an Order that orders FLINT to refund to all of its retail water customers the difference between the legal 8% increase permitted by Ordinance 46-52.1(b) and the amount of illegal 12% water rate increase that was charged and collected by FLINT between July 1, 2012 and the date hereof plus interest, costs, and attorney fees so wrongfully incurred.

L.      Enter an Order compelling Defendants to cease and desist from engaging in the wrongful acts complained of herein.

M.      Enter an Order awarding Plaintiffs reasonable attorney fees and costs as provided for pursuant to 42 U.S.C. § 1988.

N.      Award such other relief as may be warranted be law and equity.

Respectfully Submitted,

Dated: May 5, 2014                          */S/ Valdemar L. Washington*
                                            Valdemar L. Washington
                                            Valdemar L. Washington, PLLC
                                            Attorney for Plaintiffs
                                            718 Beach Street/P.O. Box 187
                                            Flint, MI 48501-0187
                                            810.407.6868
                                            vlwlegal@aol.com
                                            P-27165


## JURY DEMAND

Plaintiffs hereby demand a trial by jury on the issues set forth in their complaint

Respectfully Submitted,

Dated: May 5, 2014                          */S/ Valdemar L. Washington*
                                            Valdemar L. Washington
                                            Valdemar L. Washington, PLLC
                                            Attorney for Plaintiffs
                                            718 Beach Street/P.O. Box 187
                                            Flint, MI 48501-0187
                                            810.407.6868
                                            vlwlegal@aol.com
                                            P-27165

Dated: April 30, 2014

I DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY
KNOWLEDGE, INFORMATION, AND BELIEF.

*William Scott Kincaid*

**William Scott Kincaid, in his individual
Capacity, and as a Class Representative
on behalf of all other similarly situated
plaintiff class members.**

**State of Michigan     )**
                                 **) SS**
**County of Genesee )**

**Subscribed and sworn to before me on April 30, 2014 in Genesee County Michigan.
My commission expires on August 3, 2014. I am a Notary Public for the State of
Michigan, Genesee County, Acting in Genesee County, Michigan.**

*Michael Vizard*

**Michael Vizard, Notary Public**

Dated: April 30, 2014

I DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY
KNOWLEDGE, INFORMATION, AND BELIEF.

**Eraina Poole, in her individual
Capacity, and as a Class Representative
on behalf of all other similarly situated
plaintiff class members.**

**State of Michigan   )**
                              **) SS**
**County of Genesee )**

**Subscribed and sworn to before me on April 30, 2014 in Genesee County Michigan.
My commission expires on August 3, 2014. I am a Notary Public for the State of
Michigan, Genesee County, Acting in Genesee County, Michigan.**

**Michael Vizard, Notary Public**

Dated: April 30, 2014

I DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY
KNOWLEDGE, INFORMATION, AND BELIEF.

_____

**George Poole, in his individual
Capacity, and as a Class Representative
on behalf of all other similarly situated
plaintiff class members.**

**State of Michigan   )**
                       **) SS**
**County of Genesee )**

**Subscribed and sworn to before me on April 30, 2014 in Genesee County Michigan.
My commission expires on August 3, 2014. I am a Notary Public for the State of
Michigan, Genesee County, Acting in Genesee County, Michigan.**

**Michael Vizard, Notary Public**